UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANE DEWAYNE JOHNSON,

    Petitioner,

v.

PEOPLE OF THE STATE OF MICHIGAN,

    Respondent.
_____/

Case No. 1:18-cv-551

HON. JANET T. NEFF

## **OPINION AND ORDER**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition as time-barred by the one-year statute of limitations, 28 U.S.C. § 2244(d), and deny a certificate of appealability (COA). The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

The Magistrate Judge properly determined that Petitioner's petition, which was filed nearly eleven years beyond the limitations period, was filed late (R&R, ECF No. 2 at PageID.43-44, 48). A petitioner is entitled to equitable tolling of the limitations period only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

way" and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). The Magistrate Judge determined that Petitioner was not entitled to equitable tolling where "Petitioner does not suggest that any extraordinary circumstance stood in the way of his receiving his plea hearing transcript, and he alleges no facts suggesting that he acted with diligence in pursuing his rights, especially since he elected not to appeal his convictions and sentences" (R&R, ECF No. 2 at PageID.45).

Petitioner's objections to the Report and Recommendation do not address—let alone demonstrate error in—the Magistrate Judge's tolling analysis. Rather, Petitioner's objections concern the procedural default doctrine. The procedural default doctrine provides that "[w]hen a petitioner defaults on a federal claim in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the petitioner can demonstrate (1) cause for the default and actual prejudice, or (2) that the failure to consider the claim will result in a fundamental miscarriage of justice." *Williams v. Bagley*, 380 F.3d 932, 966 (6th Cir. 2004) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). To that end, Petitioner discusses the alleged inadequacies in his plea colloquy and the ineffective assistance of his trial counsel, attempting to show both "cause and prejudice" (Objs., ECF No. 5 at PageID.53-60) and a "miscarriage of justice" (*id.* at PageID.61-64).

Petitioner's arguments are misplaced. Because his petition is time-barred, it is unnecessary to decide whether the issues he presents are procedurally defaulted. *See, e.g., Carrion v. Wilson*, 262 F. App'x 693 (6th Cir. 2008). Petitioner's arguments do not identify any factual or legal error in the Magistrate Judge's tolling analysis or ultimate conclusion that his petition is time-barred. Therefore, the Court will adopt the Report and Recommendation as the Opinion of the Court and deny the habeas petition for the reasons stated by the Magistrate Judge.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Both showings must be made to warrant the grant of a certificate. *Id.*

Petitioner cannot satisfy the procedural prong of the *Slack* test. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484. A certificate of appealability will therefore be denied. Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 5) are DENIED, and the Report and Recommendation of the Magistrate Judge (ECF No. 2) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (ECF No. 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue presented.

Dated: December 17, 2018  /s/ Janet T. Neff  
JANET T. NEFF  
United States District Judge